CARLA ORTMAN *et al. vs.* BERTHA E. STREETER.

DECEMBER 12, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

CAPOTOSTO, J.   This is a bill in equity brought in the superior court for the construction of certain portions of the will of Jeannette W. M. Smith.   The cause was certified to

this court pursuant to the provisions of general laws 1938, chapter 545, § 7.

The bill also contains certain other prayers for removal of cloud on title to certain real estate therein described. The statute under which this cause was certified provides a direct and simple procedure for the construction of a will by a bill in equity for that purpose only. *Maddalena* v. *Masso,* 48 R. I. 92; *Newport Hospital, Tr.* v. *Harvey,* 47 R. I. 382. However, notwithstanding the other above-mentioned prayers, a fair reading of the bill shows that it is one primarily for the construction of a will. Therefore, we will treat the prayers for removal of cloud on title as surplusage and consider the cause as one solely for the construction of a will. *Horton* v. *Horton,* 46 R. I. 492. See *Gould* v. *Trenberth,* 59 R. I. 220.

The record before us shows the following facts. The complainants are twenty-eight heirs at law of Jeannette W. M. Smith. The respondent is the grantee of certain described real estate on Olney avenue in the town of North Providence by deed to her from Sheffield Smith, husband of Jeannette W. M. Smith. The real estate here in question was devised in the will of Mrs. Smith, dated December 6, 1906, as follows:

> "Fourth. I give, devise and bequeath unto my said husband all my property and estate of every name and nature, and wheresoever situated, expressly including any real estate hereafter by me acquired, to have and to hold for and during the term of his life.
> "Fifth. I hereby authorize and empower my said husband to grant, sell, convey, mortgage, assign and deliver at such times, and upon such terms and conditions, as he may deem proper, all and every part of my property and estate, both real and personal, and to execute and deliver any deeds, mortgages, bills of sale and other instruments for the purposes aforesaid, without any order, power or authority from any court, judge or Judicial tribunal whatever, and in the same way to invest, re-invest, use and employ said property and estate, the income, moneys and proceeds therefrom, at his pleasure, and to expend for his support such part

thereof as he may deem necessary, and it shall not be necessary for any purchaser or purchasers of any part of my said estate to look to the application of the purchase money.

"Sixth. Upon the death of my said husband, I give, devise and bequeath unto Joseph W. Smith, of said city of Providence, brother of my said husband, all my said property and estate, if any, remaining at the time of the decease of my said husband, to have and to hold to him, the said Joseph W. Smith, his heirs, executors, administrators and assigns forever."

Joseph W. Smith, the brother of Sheffield Smith, died January 31, 1931, a widower and without issue; Jeannette W. M. Smith died April 3, 1937; and her husband, Sheffield Smith, died August 15, 1937. On April 19, 1937, Sheffield Smith conveyed the property described in this bill to the respondent, Bertha E. Streeter. It is admitted that she paid nothing for the property and that such conveyance to her "was a pure gift". There is also considerable testimony establishing the close friendship of the respondent with Jeannette W. M. Smith and Sheffield Smith.

The record before us further shows that Jeannette W. M. Smith, Sheffield Smith and Joseph W. Smith executed their respective wills on December 6, 1906. The wills of Jeannette W. M. Smith and Sheffield Smith are reciprocally identical in all details, and in each Joseph W. Smith is named residuary devisee and legatee. Sheffield Smith is the sole beneficiary and executor under the will of Joseph W. Smith. This will further provides that if Sheffield Smith died before the testator, Jeannette W. M. Smith was to be substituted in all particulars in his place and stead.

In the instant cause we are asked to construe clauses fourth, fifth and sixth of the will of Jeannette W. M. Smith, hereinbefore set forth, to determine whether Sheffield Smith had power under the provisions of those clauses to convey by deed to the respondent the property in question here, without consideration and as a pure gift. We have examined the many cases which have been cited to us by the parties.

The controlling rule which we must apply in construing a will is to ascertain the testator's intention whenever possible. Therefore, each cause for the construction of a will must be decided so as to give effect, if possible, to a particular testator's intention as disclosed by the particular will and the circumstances surrounding its execution.

A number of cases cited to us bear upon the question of whether Sheffield Smith took a life estate or a fee simple in the property devised to him under the will of his wife, Jeannette W. M. Smith. In view of the fact that Sheffield Smith conveyed the property involved in this cause in his lifetime, the real question before us is whether the power given to him by the fifth clause of the will was sufficiently broad to support the conveyance of the property described in this bill by deed of gift *inter vivos* to the respondent.

Were it not for the insertion of the provision in clause fifth of the will authorizing and empowering him to expand *"for his support"* such part of that property and estate, the income, moneys and proceeds therefrom, as he might deem necessary, no question could reasonably be raised as to Sheffield Smith's absolute power to dispose of the fee to the devised real estate in his lifetime. (italics ours) The power given to him in said fifth clause "to grant, sell, convey, mortgage, assign and deliver at such times, and upon such terms and conditions, as he may deem proper", all of the devised estate is not limited to any specific purpose. The words "grant", "convey", "assign and deliver" in the grant of such power are certainly broad enough to include a conveyance by way of gift as well as by way of sale.

Furthermore, in the words of the testatrix, the power so granted was to be exercised by Sheffield Smith "without any order, power or authority from any court, judge or Judicial tribunal whatever", and "at his pleasure". In our judgment, the language empowering him to use any proceeds from the devised estate "for his support" was used by the testatrix to eliminate any doubt that he would have such power and protection, without any intent to limit or affect

in any way the absolute power of disposition that she gave to him, if such power were exercised by him to take effect in his lifetime.

Giving to the language used by the testatrix in her will its natural meaning, and having in mind the surrounding circumstances attending the execution of that will, it is clear to us that Jeannette W. M. Smith intended to give her husband, Sheffield Smith, a life estate in her property coupled with an absolute power of disposition in fee, with remainder over to her brother-in-law, Joseph W. Smith, if such power were not exercised by Sheffield Smith in his lifetime. This interpretation of the testatrix's intention reconciles and gives effect to every provision of the will; it also eliminates any question of repugnancy or intestacy. We are, therefore, of the opinion that Jeannette W. M. Smith, in clause fifth of her will, gave Sheffield Smith an absolute power to dispose in his lifetime of the fee to the property she devised to him in her will.

In all prior litigation concerning the estates of either Jeannette W. M. Smith or Sheffield Smith, in which Bertha E. Streeter was respondent, the extent of the power granted to Sheffield Smith in his wife's will was not in issue. Whatever incidental reference to such power was made under a contention of the respondent in *Millman* v. *Streeter,* 66 R. I. 341, 19 A. 2d. 254, with reference to certain jewelry, was disposed of by our saying that: *"If* the wife's bequest to the husband included this jewelry and gave him the right to sell or dispose thereof for certain *specified purposes,* he had no right under the will to make a gift or to dispose of such jewelry, except for such purposes." (italics added) At no time before the instant cause have the parties in interest seen fit to bring a bill for the construction of the will of Jeannette W. M. Smith nor did they in any previous case argue, as here, the extent of the power granted to Sheffield Smith in his wife's will and its relation to the dominant intent of the testatrix as expressed in that will.

On December 19, 1941, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

FLYNN, C. J., dissents.

*J. Raymond Dubee, Francis J. O'Brien,* for complainants.

*Voigt, Wright & Clason, John J. McGrane,* for respondent.